967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dietrich Wilhelm KRETSCHMER, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70343.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1992.
Decided June 17, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dietrich Wilhelm Kretschmer appeals an order of the Board of Immigration Appeals (BIA) denying him a waiver of deportability under 8 U.S.C. § 1182(c). We affirm.
 
 
 3
 Kretschmer is a native of Germany who immigrated to the United States with his family in 1959. He has lived in the United States continuously since then.
 
 
 4
 Kretschmer began using heroin in 1968 and continued using the drug for 18 years. During that period, Kretschmer committed a number of minor crimes related to his addiction. The crimes included possession of a hypodermic needle, fraud related to company checks of his employer, forgery, fraud related to food stamp assistance, failure to pay restitution, and, finally, possession of heroin.
 
 
 5
 Pursuant to Kretschmer's final conviction in 1986, he was ordered to enter a drug-rehabilitation clinic, Cenikor. Kretschmer responded extremely well to treatment, completing the Cenikor program well ahead of schedule. After Cenikor, Kretschmer enrolled in Shoulder, an out-patient program.
 
 
 6
 Also pursuant to Kretschmer's final possession conviction, the INS moved to deport him under 8 U.S.C. § 1251(a). By the time of his deportation hearing in August, 1988, Kretschmer had completed Cenikor and was almost finished with Shoulder. At the hearing, the immigration judge (IJ) found that, despite Kretschmer's lengthy drug addiction and criminal history, outstanding equities favored a waiver of deportability. The IJ noted that Kretschmer's entire immediate family--wife of twelve years, three children from a prior marriage, his wife's two children, parents, and siblings--lived in the United States and that Kretschmer had no close ties outside of the country. The IJ also based his ruling on Kretschmer's great strides toward rehabilitation and upon Kretschmer's sincere desire to overcome his addiction and lead a productive life.
 
 
 7
 The INS appealed the IJ's ruling to the BIA. In November, 1990, the BIA issued its ruling reversing the IJ's waiver of deportability. The BIA reviewed all factors considered by the IJ and agreed that outstanding equities favored Kretschmer. However, despite recognizing that "[Kretschmer] has made great strides in seeking to overcome his drug problem," the BIA concluded that "we are not convinced that [Kretschmer] will continue to stay away from drugs, particularly heroin, once his probation has ended." Because of this, the BIA reversed the IJ and denied Kretschmer a waiver of deportability. Kretschmer timely appealed.
 
 
 8
 This court will review for abuse of discretion the BIA's denial of an application for a waiver of deportability under 8 U.S.C. § 1182(c). Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). An abuse of discretion may be found where the BIA reaches its decision by misconstruing or ignoring relevant facts. See Gonzalez-Batoon v. INS, 791 F.2d 681, 684-85 (9th Cir.1986); Santana-Figueroa v. INS, 644 F.2d 1354, 1357 (9th Cir.1981).
 
 
 9
 Kretschmer contends that the BIA reached its conclusion that Kretschmer was not rehabilitated based on three mistreatments of fact: (1) the BIA believed that Kretschmer had given up drugs only during rehabilitation; (2) the BIA failed to consider evidence of Kretschmer's rehabilitation between the August, 1988 deportation hearing and the November, 1990 BIA appeal; and (3) the BIA misinterpreted the facts related to Kretschmer's rehabilitation.
 
 
 10
 Kretschmer's first two claims of error reduce to the question of whether the BIA is required to consider events which occurred after the deportation hearing, or whether the BIA may confine its review to the circumstances as they were at the time of the hearing. Normally, the BIA will review a decision of the IJ based on the state of the administrative record at the time of the IJ's decision. See Matter of Haim, Int.Dec. 3060 (BIA 1988). The procedural vehicles for obtaining BIA review of events occurring after the IJ issues his decision is a motion to reconsider or a motion to reopen proceedings. See 8 C.F.R. §§ 3.2, 3.8 (1991). Kretschmer has used neither of these. Accordingly, Kretschmer's first two claims of error fail because the BIA properly rendered its decision based on the administrative record before the IJ.
 
 
 11
 With regard to his final claim of error, Kretschmer argues essentially that the BIA failed to ascribe sufficient weight to Kretschmer's progress in his rehabilitation program. Aside from the fact that this court cannot instruct the BIA on what weight to accord various factors, the claim is not accurate. In its disposition, the BIA explicitly conceded that Kretschmer had made "great strides in seeking to overcome his drug problem." The BIA merely concluded that it was not convinced that Kretschmer would stay away from drugs in the future. We cannot hold that, based on the administrative record in this case, the BIA abused its discretion in reaching this conclusion. Nor can we hold that the BIA abused its discretion in deciding that such a conclusion outweighed the outstanding equities present in this case.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3